**James J. SMITH, Plaintiff–Appellant,**

v.

**Douglas MOORMAN, Defendant–Appellee.**

No. 02–3339.

United States Court of Appeals, Sixth Circuit.

Sept. 30, 2002.

Before GUY, SILER, and
BATCHELDER, Circuit Judges.

## ORDER

James J. Smith, proceeding pro.se, appeals a district court judgment dismissing his civil action filed pursuant to Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–34 and §§ 12181–89, respectively. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 6, 1999, Smith filed a complaint against Douglas Moorman, Associate Director of the Veterans Administration Medical Center ("VAMC") located in Chillicothe, Ohio. Smith alleged that he is disabled as a result of a severe hearing impairment and that he requires a service dog to assist him. Smith alleged that Moorman discriminated against him on the basis of his disability because, during his last hospitalization at the VAMC, he was not permitted to keep his dog with him. Instead, Smith alleged that the VAMC housed the dog in a kennel, at its expense, for the duration of his hospitalization at which point he was reunited with his dog.

Moorman filed a motion for summary judgment, to which Smith responded. The district court granted Moorman's motion and dismissed Smith's case. Smith has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). In order to pursue a claim under Title II or III of the ADA, a disabled individual must demonstrate that he was excluded from a public benefit, service, or program because of his disability. 42 U.S.C. §§ 12132 and 12182(a); *see also Sandison v. Mich. High School Athletic Ass'n,* 64 F.3d 1026, 1036 (6th Cir.1995) (Title II).

757

Upon review, we conclude that the district court properly granted summary judgment in favor of Moorman because Smith failed to present evidence on which a jury could reasonably find in his favor. The record indicates that the VAMC did not deny Smith medical treatment and that Smith's disability played no part in the decision to prohibit Smith's dog from staying with him during his hospitalization at the VAMC. On these facts, there is simply no basis upon which to conclude that Moorman discriminated against Smith because of his disability in violation of the ADA.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.